*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER LOUIS SINDONE,

Defendant-Appellant.

UNPUBLISHED
March 2, 2023

No. 357543
Wayne Circuit Court
LC No. 17-000304-01-FH

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

After remand from this Court, defendant Christopher Sindone appeals as of right from his resentencing, as a third-offense habitual offender, MCL 769.11, to 11 to 40 years' imprisonment for second-degree arson, MCL 750.73(1), and 4 to 10 years' imprisonment for preparation to burn a dwelling, MCL 750.79(1)(d)(*vi*). Sindone's arguments are foreclosed by binding precedent and the law-of-the-case doctrine, so we affirm.

## I. BACKGROUND

At a bench trial, the trial court found Sindone guilty of second-degree arson and preparation to burn a dwelling after Sindone set fire to his estranged wife's trailer. The trial court originally sentenced Sindone, as a third-offense habitual offender, to 12 to 40 years' imprisonment for second-degree arson and 5 to 10 years' imprisonment for preparation to burn a dwelling. On direct appeal, we affirmed Sindone's convictions and upheld the trial court's assessment of 15 points for Offense Variable (OV) 2 and 10 points for OV 4. *People v Sindone*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2019 (Docket No. 340328), pp 1, 8-10 (*Sindone I*). But because of errors in the scoring of OVs 1 and 9, we remanded for resentencing. *Id*. at 8, 10-12. On remand, the trial court held Sindone's resentencing hearing via Zoom because of the ongoing COVID-19 pandemic. Sindone did not waive his right to be physically present at sentencing, nor did he object to the virtual resentencing proceeding. The trial court resentenced Sindone as noted above. Sindone filed a motion to correct an invalid sentence and for resentencing, which the trial court denied. This appeal followed.

## II. PHYSICAL PRESENCE DURING SENTENCING

Sindone first argues he is entitled to resentencing because he did not waive his right to be physically present at sentencing.

Generally, "[t]o preserve claims of error, a party must object before the lower court." *People v Anderson*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 354860); slip op at 4. Sindone did not object to appearing remotely via Zoom for his resentencing. Therefore, he failed to preserve this issue for appellate review. We review this unpreserved constitutional claim for plain error affecting Sindone's substantial rights. *Id*.

> Under the plain-error rule, [Sindone] bears the burden to prove: 1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., prejudiced [Sindone] by affecting the outcome of the proceedings. If [Sindone] satisfies those three requirements, we must determine whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. [*Id*. (citations omitted).]

Prejudice in this context requires Sindone to establish that "had he been physically present in the courtroom, there is a reasonable probability that his sentence would have been different." *Id*. at 6.

Sindone's primary argument on appeal is that *Anderson* was wrongly decided. Sindone contends that a violation of the right to physical presence at felony sentencing is a structural error, such that prejudice is presumed. As Sindone acknowledges, however, *Anderson* held that remote participation at sentencing was not a structural error. *Id*. at 6-7. Under MCR 7.215(C)(2), "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." Because we are bound by *Anderson*, we must apply plain-error review.[1]

Criminal defendants have a constitutional right to be physically present at felony sentencings. *Anderson*, ___ Mich App at ___; slip op at 5. See also *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016). Appearing virtually is not a suitable substitute for physical presence. *Heller*, 316 Mich App at 318. While "two-way interactive video technology saves courts money and time" and "dramatically lessens security concerns," its use for felony sentencing is "simply inconsistent with the intensely personal nature of the process." *Id*. at 319. In this case,

---

[1] Sindone states that he is making the argument about structural error "to preserve it for further appellate review." Our Supreme Court recently heard oral argument in a similar case to determine whether "a defendant's unpreserved claim regarding his or her lack of physical presence at sentencing is subject to review for plain error" or whether instead "lack of presence at sentencing is structural error." *People v Enciso*, 509 Mich 937; 972 NW2d 49 (2022). The Court ordered that the *Anderson* defendant's application for leave to appeal be held in abeyance pending a decision in *Enciso*. *People v Anderson*, 978 NW2d 835 (Mich, 2022). "The filing of an application for leave to appeal to the Supreme Court . . . does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2). Thus, we remain bound by *Anderson* under the rule of stare decisis. *Id*.

there is no record evidence that Sindone or his counsel waived Sindone's right to be physically present at resentencing. Thus, by resentencing Sindone via Zoom "for a felony for which he had the right to appear in court at sentencing," and failing to obtain a waiver of that right, the trial court committed plain constitutional error. See *Anderson*, ___ Mich App at ___; slip op at 6.

Nevertheless, Sindone has failed to establish that this plain error affected his substantial rights. That is, Sindone cannot show that "had he been physically present in the courtroom, there is a reasonable probability that his sentence would have been different." *Id*. at 6. Aside from his remote participation, Sindone has not presented evidence of any "irregularities" in the resentencing proceeding. See *id*. at 8 ("Defendant does not suggest any irregularities with the sentencing other than he was not present in the courtroom at the time of sentencing."). Sindone's counsel indicated on the record that she had an opportunity to speak privately with Sindone during the remote proceeding. Counsel made several objections to the scoring of the sentencing guidelines, and the trial court explained its ruling on each challenge. Sindone provided allocution and the parties presented argument on a requested sentence. As in *Anderson*, "the trial court appeared to have no difficulty listening to [Sindone], and was familiar with him given a bench trial had been conducted." *Id*. at 8. The trial court then provided a thorough and reasoned explanation when imposing a sentence in the middle of the guidelines range. Following resentencing, Sindone moved to correct an invalid sentence or for resentencing, arguing that he did not waive his right to be physically present at sentencing. Relying on *Anderson*, the trial court denied the motion and stated that it "would have imposed the same sentence even if [Sindone] was physically present in the courtroom." In sum, "[t]here is no evidence, inference, nor indication that [Sindone's] treatment likely would have been different had he been face-to-face with the sentencing judge." *Id*. Sindone has failed to establish that the trial court's plain error affected his substantial rights, so he is not entitled to resentencing.[2]

## III. GUIDELINES SCORING

Next, Sindone challenges the scoring of 15 points for OV 2 and 10 points for OV 4. As Sindone concedes, the law-of-the-case doctrine controls our analysis.

"The law-of-the-case doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Owens*, 338 Mich App 101, 120; 979 NW2d 345 (2021) (quotation marks and citation omitted). Under this doctrine, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal question will not be differently determined in a subsequent appeal in the same case where the facts remain materially the same." *People v Zitka*, 335 Mich App 324, 334; 966 NW2d 786 (2020) (quotation marks and citations omitted). In Sindone's first appeal, we affirmed the scoring of 15 points for OV 2 and 10 points for OV 4. *Sindone I*, unpub op at 8-10. Our Supreme Court denied Sindone's application for leave to appeal that decision. *People v Sindone*, 507 Mich 851; 952 NW2d 491 (2021). On this second appeal following remand, the facts related to the scoring of OVs 2 and 4 remain

---

[2] Because Sindone is not entitled to resentencing, we decline to address his argument that he should be resentenced before a different judge.

-3-

materially the same, so the law-of-the-case doctrine controls. See *Zitka*, 335 Mich App at 334. Accordingly, we are bound by *Sindone I* and reject Sindone's guidelines-scoring challenges.

## IV. CONSTITUTIONALITY OF MCL 769.1k(1)(b)(*iii*)

Finally, Sindone raises a facial challenge to the constitutionality of MCL 769.1k(1)(b)(*iii*). This statute provides that following a guilty verdict, the trial court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case . . . ." MCL 769.1k(1)(b)(*iii*). Sindone argues that the statute is unconstitutional because it pressures trial courts to convict defendants to impose court costs, thus creating an appearance of impartiality that violates due process. He also contends that the statute violates the separation-of-powers doctrine. Thus, he argues that court costs imposed on him by the trial court should be vacated.

In *People v Johnson*, 336 Mich App 688, 690-691; 971 NW2d 692 (2021) (*Johnson I*), this Court rejected facial due-process and separation-of-powers challenges to MCL 769.1k(1)(b)(*iii*). Sindone again acknowledges that we are bound by this binding precedent, see MCR 7.215(C)(2), and he seeks to preserve his argument for our Supreme Court. Our Supreme Court has granted leave to appeal to review this Court's decision in *Johnson I*, but it has not yet issued any opinion. *People v Johnson*, 509 Mich 1094; 976 NW2d 862 (2022). "[A] Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)(2). Thus, we must reject Sindone's constitutional challenge in accordance with *Johnson I*.

We affirm.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett